```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**JOHN D. McGUIRE,**

                **Plaintiff,**

           **v.**                            **CASE NO. 07-3147-SAC**

**JOEL HRABE,**

                **Defendant.**

### O R D E R

Plaintiff in this civil rights complaint filed pursuant to 42 U.S.C. §1983 claims his custody level and disciplinary record at Norton Correctional Facility were improperly and adversely impacted because he refused defendant's demand that he become a "Native American informant." Plaintiff's legal theory that this violated state prison regulations does not present a federal constitutional violation; however, his fact allegations, liberally construed, might present a claim of denial of due process.

The court finds that proper processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Norton Correctional Facility. <u>See</u> <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978); <u>see</u> <u>also</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the court shall order a Martinez report.

The court further finds plaintiff has paid the initial partial filing fee assessed by the court, and his motion for leave

to proceed in forma pauperis (Doc. 2) shall be granted[1].

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED**:

(1) The clerk of the court shall prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.  The report required herein, shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt of that report by counsel for defendant.

(2) Officials responsible for the operation of Norton Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

---

[1] Plaintiff is reminded that pursuant to 28 U.S.C. §1915(b)(1), he remains obligated to pay the remainder of the full district court filing fee, which is currently $350.00 in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).  Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendant's answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any tapes of the incident underlying plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the <u>Martinez</u> report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendant's answer or response to the complaint and the report required herein. This action is exempted from the requirements imposed under F.R.C.P. 26(a) and 26(f).

Copies of this Order shall be transmitted to plaintiff, to defendant, to the Secretary of Corrections, to the Attorney General of the State of Kansas, and to the Finance Officer of the facility where plaintiff is currently incarcerated.

**IT IS FURTHER ORDERED** the clerk of the court shall enter

the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the Martinez report ordered herein.  Upon the filing of that report, the KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED**.

Dated this 12th day of July, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge