IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN D. McGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | No. 07-3147-KHV |
| JOEL HRABE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

John D. McGuire brings suit pro se against Joel Hrabe, deputy warden at Norton Correctional Facility in Norton, Kansas. Under 42 U.S.C. § 1983, plaintiff alleges that defendant violated general orders regarding conduct between staff and inmates. Specifically, plaintiff alleges that because he refused to become a Native American informant, defendant withheld his minimum custody level and prison transfer. See Doc. #1 at 3. The Court has found that plaintiff's theory regarding violation of state prison regulations does not allege a federal constitutional violation but that, liberally construed, plaintiff's allegations might present a claim of denial of due process and/or violation of First Amendment rights. See Order (Doc. #4) filed July 12, 2007 at 1; Order (Doc. #26) filed March 10, 2008 at 2 n.2. This matter comes before the Court on defendant's Motion To Dismiss (Doc. #19) filed December 28, 2007. Defendant asserts that plaintiff does not state a claim for denial of due process.[1] For reasons stated below, the Court sustains defendant's motion.

### Legal Standards

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well pleaded facts in that complaint and views them

---

[1] Defendant's motion does not address plaintiff's First Amendment claim.

in a light most favorable to plaintiff. See Zinermon v. Burch, 494 U.S. 113, 118 (1990); Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. See Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007). In other words, plaintiff must allege facts sufficient to state a claim which is plausible – rather than merely conceivable – on its face. See id. The Court makes all reasonable inferences in favor of plaintiff. See Zinermon, 494 U.S. at 118; see also Rule 8(a), Fed. R. Civ. P.; Lafoy v. HMO Colo., 988 F.2d 97, 98 (10th Cir. 1993). The Court, however, need not accept as true those allegations which state only legal conclusions. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements which he must prove. See Hall, 935 F.2d at 1110. Because plaintiff proceeds pro se, the Court construes his complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See id. The Court, however, does not assume the role of advocate for a pro se litigant. See id.

## **Facts**

Plaintiff alleges the following facts, which the Court accepts as true for purposes of ruling on defendant's motion to dismiss:

Plaintiff is an inmate at the Norton Correctional Facility ("NCF") in Norton, Kansas.

Defendant is deputy warden at NCF.

On April 17, 2007, defendant told plaintiff that he would withhold plaintiff's minimum classification level and transfer to Ellsworth Correctional Facility ("ECF") unless plaintiff agreed to become a Native American informant. See Doc. #1 at 3. Defendant threatened that unless plaintiff agreed to become an informant, he would make the next ten years the hardest time which plaintiff served. See id. Plaintiff refused. See id. Defendant stated that plaintiff would regret the decision. See id. Two hours later, defendant repeated the same conversation with plaintiff. See id.

Plaintiff seeks minimum custody classification, a transfer to ECF and damages in the amount of $390.00. See id. at 5; Doc. #11 at 1.

## **Analysis**

Defendant asserts that plaintiff does not state a claim for denial of due process. Specifically, defendant asserts that plaintiff has not alleged facts sufficient to support a constitutionally-protected liberty interest. The Fourteenth Amendment to the United States Constitution provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." Amend. 14, § 1. It protects individuals against arbitrary government action. See Wolff v. McDonnell, 418 U.S. 539, 558 (1974). The types of interests which constitute "liberty" for purposes of the Fourteenth Amendment are not unlimited; the interest must amount to more than an abstract need or desire and be based on more than unilateral hope. See Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Protected liberty interests may arise from the Due Process Clause or laws of the States. See id. (quotations and citation omitted). Here, plaintiff's claims do not implicate rights guaranteed by the Due Process Clause. See, e.g., id. at 460-61 (inmate's treatment not subject to Due Process Clause so long as degree or conditions of confinement not otherwise violate Constitution); Meachum

v. Fano, 427 U.S. 215, 224-25 (1976) (prison assignment not protected by Due Process Clause). Thus, plaintiff must allege facts which demonstrate a protected liberty interest created by state law. To do so, plaintiff must allege facts sufficient to show that the State has restrained his freedom in a way which "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Defendant asserts that plaintiff cannot show a protected liberty interest in his custody classification level or right to a prison transfer. The Court agrees. Plaintiff alleges that defendant wrongfully withheld his minimum custody level and transfer to ECF. Plaintiff, however, does not allege facts which show that such actions imposed atypical and significant hardship in relation to the ordinary incidents of prison life. See, e.g., Bey v. Simmons, 69 Fed. Appx. 931, 2003 WL 21480693, at *1 (10th Cir. June 23, 2003); Lile v. Simmons, 23 Kan. App.2d 1, 3, 929 P.2d 171, 173 (1996) (Kansas law does not create liberty interest in inmate classification); Sinnett v. Simmons, 45 F. Supp.2d 1210, 1217 (D. Kan. 1999) (no liberty interest in prison transfer). Accordingly, the Court dismisses plaintiff's claim for denial of due process.

Although plaintiff does not have a protected liberty interest in a particular custody classification or prison assignment, prison officials do not have unbridled discretion to punish an inmate because of his exercise of First Amendment rights. See Frazier v. Debois, 922 F.2d 560, 561 (10th Cir. 1991). Defendant's motion does not address plaintiff's First Amendment claim. Accordingly, plaintiff's claim that defendant violated his First Amendment rights remains in the case.

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #19) filed December 28, 2007 be and hereby is **SUSTAINED.** The Court dismisses plaintiff's claim for

violation of his constitutional right to due process. Plaintiff's claim for violation of his First Amendment rights remains in the case.

Dated this 9th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
