## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN D. McGUIRE,                              ) | |
|                                               ) | |
|       **Plaintiff,**                            ) | |
| **v.**                                        ) | **CIVIL ACTION** |
|                                               ) | **No. 07-3147-KHV** |
| JOEL HRABE,                                   ) | |
|                                               ) | |
|       **Defendant.**                           ) | |
| _____) | |

## MEMORANDUM AND ORDER

Under 42 U.S.C. § 1983, John D. McGuire brings suit <u>pro se</u> against Joel Hrabe, deputy

warden at Norton Correctional Facility ("NCF") in Norton, Kansas.  Plaintiff's only remaining claim

is for violation of First Amendment rights.  Specifically, plaintiff claims that because he refused to

become a Native American informant, defendant authorized a prison cell transfer which resulted in

theft of two items worth $40 from plaintiff's cell.  <u>See</u> <u>Pretrial Order</u> (Doc. #46) filed July 23, 2008

at 4.[1]  This matter comes before the Court on defendant's <u>Motion For Summary Judgment</u> (Doc. #52)

filed July 31, 2008, which plaintiff has not opposed.  Under D. Kan. Rule 6.1(d)(2), plaintiff had 23

days, until August 23, 2008, to respond.  Pursuant to D. Kan. Rule 7.4, the failure to file a response

within the time specified under Rule 6.1(d) "shall constitute a waiver of the right thereafter to file

such . . . response, except upon showing of excusable neglect" and "the motion will be considered

_____

[1]        Plaintiff originally claimed that because he refused to become a Native American informant, defendant withheld his minimum custody level and prison transfer.  <u>See</u> Doc. #1 at 3.  In the pretrial order, plaintiff changed his claim to retaliatory theft.  <u>See</u> <u>Pretrial Order</u> (Doc. #46) at 4. The Court previously found that plaintiff's theory regarding violation of state prison regulations did not allege a federal constitutional violation.  <u>See</u> <u>Order</u> (Doc. #4) filed July 12, 2007 at 1.  Also, on April 9, 2008, the Court found that plaintiff had failed to state a claim for violation of his constitutional right to due process.  <u>See</u> <u>Memorandum And Order</u> (Doc. #31) at 4-5.

and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]  For

reasons stated below, the Court sustains defendant's motion.

### Summary Judgment Standards

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show no genuine issue as to any material

fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(c);

accord Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Vitkus v. Beatrice Co., 11 F.3d

1535, 1538-39 (10th Cir. 1993).  A factual dispute is "material" only if it "might affect the outcome

of the suit under the governing law."  Anderson, 477 U.S. at 248.  A "genuine" factual dispute

requires more than a mere scintilla of evidence.  Id. at 252.

The moving party bears the initial burden of showing the absence of any genuine issue of

material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hicks v. City of Watonga, 942 F.2d

737, 743 (10th Cir. 1991).  Once the moving party meets this burden, the nonmoving party must

demonstrate that genuine issues remain for trial "as to those dispositive matters for which [he] carries

the burden of proof."  Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241

(10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87

---

[2]    Plaintiff did not timely respond to defendant's first Motion For Summary Judgment
(Doc. #34) filed April 30, 2008, regarding exhaustion of administrative remedies.  Under D. Kan.
Rule 6.1(d)(2), plaintiff had until May 23, 2008 to respond.  On July 3, 2008, at the pretrial
conference, Magistrate Judge James P. O'Hara noted that plaintiff had not responded and gave him
until July 18, 2008 to do so.  In the order, Judge O'Hara reminded plaintiff that if defendant filed a
separate summary judgment motion, plaintiff must file his response within 23 days.  See Doc. #37
filed July 3, 2008.  In light of this reminder, the Court will not sua sponte give plaintiff additional
time to respond to the second motion for summary judgment.  See, e.g., Ogden v. San Juan County,
32 F.3d 452, 455 (10th Cir. 1994) (pro se status does not excuse litigant's obligation to comply with
fundamental procedural requirements).

(1986); <u>Bacchus Indus., Inc. v. Arvin Indus., Inc.</u>, 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party may not rest on his pleadings but must set forth specific facts. <u>Applied Genetics</u>, 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. <u>Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.</u>, 938 F.2d 1105, 1110 (10th Cir. 1991). Summary judgment may be granted if the nonmoving party's evidence is merely colorable or is not significantly probative. <u>Anderson</u>, 477 U.S. at 250-51. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." <u>Conaway v. Smith</u>, 853 F.2d 789, 794 (10th Cir. 1988).

## **Background**

The following facts are uncontroverted, or where controverted, construed in a light most favorable to plaintiff.[3]

---

[3]    By not responding to defendant's motion for summary judgment, plaintiff has waived the right to controvert defendant's statement of facts. <u>See</u> D. Kan. Rule 56.1(a) (all material facts set forth in statement of movant deemed admitted for purpose of summary judgment unless specifically controverted by statement of opposing party); <u>see also</u> <u>Luginbyhl v. Corr. Corp. of Am.</u>, 216 Fed. Appx. 721, 723 (10th Cir. 2007) (by failing to offer timely response, party may waive right to controvert facts in summary judgment motion); <u>Ellibee v. Hazlett</u>, No. 03-3023-JAR, 2006 WL 3050801, at *2 (D. Kan. Oct. 23, 2006) (pro se litigants governed by same procedural rules as other litigants; on summary judgment, Court accepts as true facts which pro se litigant does not controvert).

As necessary, the Court supplements defendant's statement of facts with facts taken from plaintiff's complaint (Doc. #1) and affidavit (Doc. #28) – which he filed under penalty of perjury – and the report (Doc. #17) which NCF prepared pursuant to <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978). <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1111 (10th Cir. 1991) (<u>Martinez</u> report treated as affidavit; complaint treated as affidavit to extent it alleges facts based on plaintiff's personal knowledge and is sworn under penalty of perjury). The Court does not consider facts alleged in plaintiff's response to the first motion for summary judgment, <u>see</u> Doc. #40, because plaintiff has not offered sworn testimony in support thereof.

Plaintiff is an inmate at NCF. Defendant is deputy warden at NCF.

On April 17, 2007, defendant told plaintiff that he would withhold plaintiff's minimum classification level and a potential transfer to Ellsworth Correctional Facility unless plaintiff agreed to become a Native American informant. See Doc. #1 at 3. Defendant threatened that unless plaintiff agreed to become an informant, he would make the next ten years the hardest time which plaintiff served. See id. Plaintiff refused. See id. Defendant stated that plaintiff would regret the decision. See id. Two hours later, defendant repeated the same conversation with plaintiff. See id.

Twice, on April 22 and May 10, 2007, an unidentified individual or individuals broke into plaintiff's cell and stole $20 worth of canteen items.[4] See attachment to Doc. #1. Plaintiff reported the incidents to staff, but they did not file a report. See id.[5]

In relation to an investigation into contraband activity by plaintiff, defendant authorized a cell transfer for plaintiff. Defendant was not involved in the alleged theft of plaintiff's property, however, and he did not personally participate in, have knowledge of or authorize prison guards to leave

---

[4]    Plaintiff does not identify who stole the items. According to defendant, the canteen is similar to a convenience store where inmates can purchase food and other items to take to their cell. In the pretrial order, plaintiff claims that the stolen items were worth $40. See Pretrial Order (Doc. #46) at 4. Specifically, in the pretrial order, plaintiff alleges as follows:

> After April 17, 2007, in retaliation for having exercised his First Amendment rights, defendant authorized plaintiff's transfer from one cell to another within NCF. As a result of this cell transfer, and also as a result of prison guards opening plaintiff's cell door and leaving it open, two items worth $40.00 [which] plaintiff had purchased from the prison canteen were stolen from plaintiff's cell.

Pretrial Order (Doc. #46) at 4. Plaintiff has not presented sworn testimony or other evidence to support these allegations. Accordingly, for purposes of this ruling, the Court accepts plaintiff's sworn evidence that the items were worth $20.

[5]    In response to defendant's first motion for summary judgment, plaintiff alleges that he reported the incidents to Officers Ruschton and Byrd, who logged them into a report. See Doc. #40 at 3, ¶ 10. Plaintiff has not presented sworn testimony or other evidence to support these allegations.

plaintiff's cell door open.  Defendant did not know about or participate in the alleged theft.

## Analysis

Plaintiff claims that because he refused to become a Native American informant, defendant authorized a prison cell transfer which resulted in theft of two items from his cell.  See Pretrial Order (Doc. #46) filed July 23, 2008 at 4.  Defendant asserts that he is entitled to summary judgment because plaintiff cannot show that he is responsible for the alleged theft.

Prison officials may not retaliate against an inmate because he exercised constitutionally-protected rights.  See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (citing Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990)).  This principle applies even where the action taken would otherwise be permissible.  Peterson, 149 F.3d at 1144 (quoting Smith, 899 F.2d at 947).  The mere fact that an inmate has engaged in protected activity, however, does not innoculate him from normal conditions of confinement.  See Peterson, 149 F.3d at 1144.  Rather, an inmate claiming retaliation must prove that but for a retaliatory motive, the alleged incident would not have occurred.  See id.  In so doing, plaintiff must demonstrate specific facts which show retaliation because of his exercise of constitutional rights.  See id. (citing Frazier v. Debois, 922 F.2d 560, 562 n.1 (10th Cir. 1990)).  Specifically, to prevail on his retaliation claim, plaintiff must prove that (1) he engaged in constitutionally protected activity; (2) defendant caused him to suffer an injury which would chill a person of ordinary firmness from continuing to engage in that activity; and (3) defendant's conduct was substantially motivated by plaintiff's exercise of constitutionally protected conduct.  See Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000).[6]

_____

[6]    These elements apply in cases, like here, where plaintiff does not have an employment or contractual relationship with defendant.  See id.; see also Wolters v. Estate of Conner, No. 03-
(continued...)

Defendant asserts that plaintiff cannot show the second element, i.e. that defendant caused him to suffer an injury which would chill a person of ordinary firmness from continuing to engage in the protected activity.  Specifically, defendant asserts that plaintiff cannot show that defendant caused him to suffer the injury of which he complains, i.e. that defendant caused or was somehow responsible for the alleged theft of plaintiff's canteen purchases.  To hold defendant liable under Section 1983, plaintiff must show that he personally participated in the alleged constitutional violation.  See Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996).  It is not enough for plaintiff to show that defendant was in charge of other state actors who committed the violation.  See id. Plaintiff must establish that defendant acted deliberately and intentionally to violate his constitutional rights.  Id. (quoting Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)).  Plaintiff may satisfy this standard by showing that defendant (1) personally directed the violation or (2) had actual knowledge of the violation and acquiesced in its continuance.  See id. (citing Woodward, 977 F.2d at 1400) (further citations omitted).  Here, defendant presents affidavit testimony that he was not involved in the alleged theft, did not authorize it and had no knowledge of it.  See Affidavit of Joel Hrabe ¶4,  attached as Exhibit A to Defendant's Reply To Plaintiff's Response To Defendant's Motion For Summary Judgment (Doc. #50) filed July 30, 2008.  Plaintiff presents no contrary evidence.  On this record, the evidence does not present a genuine issue of material fact regarding whether defendant caused the alleged injury.  Defendant is entitled to summary judgment on this ground.[7]

---

[6](...continued)
3251-KHV, 2005 WL 1842841, at *5 (D. Kan. July 29, 2005).

[7]    In light of this ruling, the Court does not reach defendant's remaining arguments.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Summary Judgment</u> (Doc. #52) filed July 31, 2008 be and hereby is **SUSTAINED**.  The Clerk is directed to enter judgment in favor of defendant on all of plaintiff's claims.

Dated this 18th day of September, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge